IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CINDY L. DOERGE,

          Plaintiff,

      vs.                           Case No. 05-1019-JTM

CRUM'S ENTERPRISES, INC., et al.,

          Defendants.

MEMORANDUM AND ORDER

      This matter is before the court on the Motion to Dismiss, effectively a motion for summary judgment, of defendant Ruth Chartier.  Plaintiff Cincy Doerge has brought the present action alleging sexual harassment and retaliation against her former employer, Crum's Enterprises, Inc., the operator of a beauty college, and several individuals associated with that company.  One of the defendants is Chartier, the Chief Financial Officer and Director of Financial Aid for the school.

      Chartier's original motion stressed evidence and acknowledgments by Doerge that Chartier was Doerge's supervisor rather than her employer.   In a response to an interrogatory, Doerge stated that Chartier "is an employer or an agent of Crum's Enterprises, Inc., Lucille Crum, and Charles Crum." However, the Tenth Circuit has clearly concluded that  individual supervisors are not liable under Title VII. *Haynes v. Williams*, 88 F.3d 898 (10th Cir. 1996).

      In her response, Plaintiff Doerge effectively concedes the Title VII issue, supplying no argument or evidence as to why the court should not conclude that Title VII liability may not be imposed against Chartier.  However, the response emphasizes that individual liability may be

imposed against supervisors under the other theories that were advanced in the complaint, such as liability under 42 U.S.C. § 1981, breach of contract, and intentional infliction of emotional distress.

The court will grant summary judgment in favor of Chartier on the issue of Section 1981 liability.   All of the various allegations raised by Doerge involve sexual harassment or discrimination; none of those allegations touch on race.  In *Runyon v. MacCrary*, 427 U.S. 160, (1976), the Supreme Court delineated the protections created under Section 1981 as those protecting persons from race-based discrimination, and not from discrimination based upon sex or gender.  This court has rejected the idea that sexual harassment claims may be raised under § 1981, concluding that "Section 1981 does not apply to claims of sexual discrimination." *Peterson v. Brownlee*, 314 F.Supp.2d 1150, 1154 n. 3 (D. Kan. 2004).

The only remaining question is whether the court should exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367.   In deciding whether to exercise supplemental jurisdiction, the court looks to "the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness." *Thatcher Enter. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir.1990).

Here, the absence of significant pretrial proceedings is one factor in support of declining jurisdiction. *See Tonkovich vs. Kansas Board of Regents*, 254 F.3d 941, 945 (10th Cir. 2001). *See also United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir.1995) ("As a general principle, the unfavorable disposition of a

plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state law claims.").

IT IS ACCORDINGLY ORDERED this 11th day of October, 2005, that defendant Chartier's Motion to Dismiss (Dkt. No. 17) is hereby granted such that summary judgment is granted as to plaintiff's Title VII and 42 U.S.C. § 1981 claims against Chartier; plaintiff's other claims against Chartier are dismissed without prejudice.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE