IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CINDY L. DOERGE,

        Plaintiff,

vs.                              Case No. 05-1019-JTM

CRUM'S ENTERPRISES, INC., et al.,

        Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the Motion to Dismiss filed by defendants Jelinek, Crum, and Crum's Enterprises, Inc. (Dkt. No. 31). The defendants argue that the court is without jurisdiction because Crum's has only thirteen employees. (Dkt. No. 31 at 2.). Title VII applies only to employers having fifteen or more employees. 42 U.S.C. § 2000e(b).

Plaintiff argues that the defendants' motion should be denied because, first, the motion lacks any accompanying memorandum in support pursuant to D.Kan.R. 7.1, and, second, because there is reason to believe that Crum's has fifteen or more employees. Specifically, plaintiff contends that defendants Jelinek and Crum, in addition to being directors or officers, are de facto employees of Crum's, citing *Clackamas Gastroentereology Assoc. v. Wells*, 538 U.S. 440 (2003). Plaintiff also argues that another individual (Brad Olsen) was an employee, not an independent contractor, and hence should be included in the total number of Crum's employees.

The court hereby denies defendants' Motion to Dismiss. While the court might overlook the failure of the defendants to submit a separate memoranda in support of their motion, the court cannot overlook the utter lack of any factual basis for the desired ruling. By its nature, defendants' motion is substantively a motion for summary judgment rather than dismissal, since it is grounded on factual questions outside the pleadings. However, defendants supply no evidentiary support, by way of affidavit or otherwise, in support of their factual contention that Crum's employed only thirteen people. Accordingly, the court finds that defendants have failed to demonstrate any entitlement to the summary judgment requested.

The court notes that, after defendants' motion to dismiss was filed, the United States Magistrate Judge entered an order on December 23, 2005 which extended the time to conduct discovery on the issue of subject matter jurisdiction until January 20, 2006. (Dkt. No. 32). The court's prior scheduling order of October 21, 2005 was otherwise unaltered, including the requirement that any motion challenging subject matter jurisdiction or motion as to the number of employees should be filed no later than February 13, 2006. (Dkt. No. 27, at § III(d), p. 6).

If the defendants seek to supply evidence to support a dismissal based on subject matter jurisdiction, this may and must be done in the context of a new motion, filed on or before the existing February 13, 2006 deadline, rather than being supplied (for the first time) in an attachment to a reply in support of their wholly-unsupported December motion.

IT IS ACCORDINGLY ORDERED this 2d day of February, 2006, that the defendants' Motion to Dismiss (Dkt. No. 31) is denied as provided herein.

    s/ J. Thomas Marten
    J. THOMAS MARTEN, JUDGE