# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CINDY L. DOERGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-1019-JTM |
| | ) |
| CRUM'S ENTERPRISES, INC., | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Compel (Doc. 36) filed on January 10, 2006, seeking to compel Defendants to answer Plaintiff's Second Set of Interrogatories and Second Request for Production of Documents. Defendants did not file a response, and any response would have been due on or before January 24, 2006. *See* D. Kan. Rule 6.1(d)(1) (responses to non-dispositive motions are to be filed within 14 days).

## BACKGROUND

Plaintiff filed her complaint (Doc. 1) on January 21, 2005, alleging violations of Title VII, breach of employment contract, defamation, wrongful discharge, civil conspiracy, negligent and intentional infliction of emotional distress, and tortious interference with prospective business relationship. Plaintiff

alleges that she was subjected to disparate treatment and hostile working environment harassment based on "gender and racial animus." (Doc. 1 at 10.) Defendants filed their answer on March 28, 2005, generally denying Plaintiff's allegations. (Doc. 6.)

Plaintiff filed a motion on November 30, 2005, requesting leave to add a party and an extension of time for discovery on the number of Defendants' employees. (Doc. 28.) On December 23, 2005, the Court entered an order granting in part and denying in part Plaintiff's motion (Doc. 28), and modifying the Scheduling Order to provide that discovery on the issue of jurisdiction shall be completed by January 20, 2006. (Doc. 32, text entry.)

On December 9, 2005, Plaintiff served, by hand delivery,[1] her Second Interrogatories and Second Requests for Production on Defendants, seeking information relating to Defendants' employees. (Doc. 29.)

On December 14, 2005, Defendants filed a Motion to Dismiss, alleging Plaintiff lacked subject matter jurisdiction to bring her claims in federal court

---

[1] The Notice of Service of Discovery filed with the Court (Doc. 29) indicates that both the second interrogatories and second document requests were hand delivered on December 9, 2005. However, Plaintiff's Second Set of Interrogatories to Defendants which were attached to the Motion to Compel (Doc. 36) as Exhibit 1 contained a certificate of service indicating that the interrogatories were served "by depositing the same in the United States Mail, postage prepaid, this ___day of December, 2005." (Blank in original.) For purposes of this motion, the Court assumes that the Notice of Service filed with the Court correctly reflects service of the discovery documents.

because Defendant did not have the requisite fifteen (15) employees. (Doc. 31.) Plaintiff responded to the Motion to Dismiss on January 6, 2006. (Doc. 34.)

On January 10, 2006, Plaintiff filed the present motion to compel, contending that Defendants "have failed and refused to respond in any way or any manner" to Plaintiff's second set of discovery requests. (Doc. 36 at 2.) As stated previously, Defendants did not file a response to Plaintiff's motion. Further, the Court's docket does not include a notice of service of any response filed by Defendants.[2] *See* D. Kan. Rule 26.3 (a party serving discovery responses shall, at the time of service, file a certificate of service with the clerk stating the date and type of service and the party served).

---

[2] The Court has just received Plaintiff's Second Motion to Compel (Doc. 42), seeking to compel full and complete responses to not only the second set of interrogatories and document requests, but also to a third set of both interrogatories and document requests. In that motion, Plaintiff acknowledges that she received responses from Defendants to her second set of discovery requests (the subject of her first motion to compel, Doc. 36) on February 6, 2006; she attaches Defendants' responses as Exhibits 6 and 7 to second Motion to Compel. (Doc. 42.) The Court notes Defendants' responses were almost a month late and the interrogatories were not verified. (Doc. 42, Exh. 6.)

The Court, in this Order, is not ruling on the issues presented by Plaintiff's Second Motion to Compel (Doc. 42). The Court will rule on that motion by separate order after time has run for Defendants to respond. Because the District Judge denied Defendants' Motion to Dismiss and specifically required Defendants to file a completely new motion if they believed they had sufficient factual grounds to do so (Doc. 40 at 2), the discovery concerning the jurisdictional issue (number of employees) will only become important and time-sensitive if a new dispositive motion raising that issue is filed by Defendants. If necessary, the Court can protect Plaintiff from any potential prejudice due to Defendants' lack of complete discovery responses by granting Plaintiff additional time to complete her discovery.

3

## DISCUSSION

"If a respondent fails to file a response within the time required by Rule 7.1(b), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." **D.Kan. Rule 7.4**.  In addition to not responding to the present motion, Defendants have not responded to the requested discovery nor have they presented any reason for their failure to do so. These failures constitute a waiver of all objections Defendants may have had to the discovery.  *Se*e **Hoffman v. United Telecomms., Inc.**, 117 F.R.D. 436, 438 (D.Kan. 1987).

Although Plaintiff filed her Motion to Compel on January 10, 2006, a day after the discovery responses were due, the Court finds she had good cause for doing so considering the looming deadline of January 20, 2006, for discovery on the jurisdictional issue.  Further, Plaintiff's motion contains a certificate of compliance with the good faith requirements of D.Kan. Local Rule 37.2.  The Court grants Plaintiff's motion as uncontested.  Defendants shall fully answer the second interrogatories under oath and produce all documents responsive to the second requests for production, without objection, no later than **February 17, 2006**.

Fed.R.Civ.P. 37(d) provides that a court may impose sanctions against a

party who fails to serve answers or objections to interrogatories submitted under Rule 33 or to serve a written response to a request for inspection submitted under Rule 34. "The court may make such orders in regard to the failure as are just." *Fed.R.Civ.P. 37(d)*. With reference to expenses and attorney's fees, the rule provides, in relevant part:

> In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

*Id*.

The purpose of sanctions is not merely to reimburse the wronged party or penalize the offending party, but to deter others from engaging in similar conduct. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). "[T]he limit of any sanction award should be that amount reasonably necessary to deter the wrongdoer." *White v. GMC*, 908 F.2d 675, 685 (10th Cir. 1990).

An award of costs and expenses appears to be warranted in this instance. Defendants have made no attempt to show a justification, substantial or otherwise,

for their failure to respond to discovery in a timely manner[3] nor have they shown any circumstances that make an award of expenses unjust. The failure to respond to discovery has unnecessarily delayed this action and has ignored the Court's deadline for discovery on the jurisdictional issue. As such, the Court finds an award of reasonable costs and expenses incurred by Plaintiff in regard to the present motion to be both just and appropriate.

The Court instructs Plaintiff to submit an accounting of the costs and legal fees (including supporting documentation such as attorney time sheets) she sustained in regard to drafting and filing her first Motion to Compel (Doc. 36) no later than **February 20, 2006**. Thereafter, Defendants will have until **March 2, 2006,** to respond to Plaintiff's filing. Should Defendants desire a hearing on the issue of sanctions, they should so indicate in their response.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel and for Sanctions against Defendants (Doc. 36) is GRANTED. Not later than **February 17, 2006,** Defendants shall serve, without objection, full, complete, and verified answers to the second interrogatories and produce all documents responsive to the

---

[3] An award of fees and expenses is appropriate where, as here, discovery responses are served <u>after</u> a motion to compel has been filed. *See* Fed.R.Civ.P. 37(a)(4).

second requests for production here at issue. Such production shall take place at the offices of counsel for Plaintiff at 604 Humboldt, Manhattan, Kansas, or at any other location agreed upon by the parties.

IT IS FURTHER ORDERED that sanctions be imposed as directed herein after consideration of supplemental filings allowed by this Order.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 9th day of February, 2006.

                                                s/ Donald W. Bostwick
                                                DONALD W. BOSTWICK
                                                United States Magistrate Judge