## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CINDY L. DOERGE,  )
                  )
        Plaintiff, )
                  )
v.                ) Case No. 05-1019-JTM
                  )
CRUM'S ENTERPRISES, INC., )
*et al.*,        )
                  )
        Defendants. )
_____ )

### MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Amend Complaint (Doc. 33), filed on December 28, 2005, in which Plaintiff seeks to add a claim under the Kansas Act Against Discrimination (KAAD). Defendants did not file a response, and any response would have been due on or before January 11, 2006. *See* D. Kan. Rule 6.1(d)(1) (responses to non-dispositive motions are to be filed within 14 days).

### BACKGROUND

Plaintiff filed her complaint (Doc. 1) on January 21, 2005, alleging violations of Title VII, breach of employment contract, defamation, wrongful discharge, civil conspiracy, negligent and intentional infliction of emotional

distress, and tortious interference with prospective business relationship.[1]  Plaintiff alleges she was subjected to disparate treatment and hostile working environment harassment based on "gender and racial animus."  (Doc. 1 at 10.)

On December 14, 2005, Defendants filed a Motion to Dismiss, alleging Plaintiff lacked subject matter jurisdiction to bring her claims in federal court because Defendant did not have the requisite fifteen (15) employees.  (Doc. 31.)  Plaintiff responded to Defendants' Motion to Dismiss on January 6, 2006.  (Doc. 34.)  The District Court denied Defendants' motion on February 3, 2006.  (Doc. 40.)

Plaintiff's current motion seeks to add a claim under the KAAD, contending it "arises out of the same conduct, transaction, and occurrences set forth in her original complaint."  (Doc. 33 at 1.)  Further, she contends she not need to plead any additional facts beyond those contained in her original complaint.  *Id.*

## DISCUSSION

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires.  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive,

---

[1] Defendants filed their Answer to Plaintiff's initial Complaint on March 28, 2005, generally denying Plaintiff's allegations.  (Doc. 6.)

failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given.  ***Foman v. Davis***, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993).

Further, "[i]f a respondent fails to file a response within the time required by Rule 7.1(b), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." **D.Kan. Rule 7.4**.  As stated previously, Defendants have not filed a response to Plaintiff's motion and the time to do so has expired.  Plaintiff's motion is both unopposed and facially valid.  The Court, therefore, GRANTS Plaintiff's Motion to Amend.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint is GRANTED.  Plaintiff shall file her Amended Complaint in the form attached to her motion on or before **February 24, 2006**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 10th day of February, 2006.

      s/ Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge