# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CINDY L. DOERGE, )
)
                Plaintiff, )
)
v. )   Case No. 05-1019-JTM
)
CRUM'S ENTERPRISES, INC., )
*et al.*, )
)
              Defendants. )
_____ )

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Compel Discovery and Supporting Arguments (Doc. 42) filed on February 8, 2006 (hereinafter Plaintiff's "second motion to Compel"). The motion seeks an order compelling Defendants to answer Plaintiff's Second and Third Sets of Interrogatories as well as Plaintiff's Second and Third Requests for Production of Documents.[1] Plaintiff contends that the "purpose" of this discovery is "to obtain necessary information on the issue of the number of employees of defendants during the relevant time period as set out in Title VII of the Civil Rights Act." (*Id*. at ¶ 2.) Plaintiff contends that Defendants'

---

[1] As discussed below, Defendants' failure to respond to Plaintiff's second interrogatories and document requests was the subject of Plaintiff's prior Motion to Compel, (Doc. 36), which the Court granted. (Doc. 43.) The Court is, therefore, troubled that Defendants' responses to Plaintiff's second discovery requests have resulted in an additional motion to compel (Doc. 42), particularly when several of the issues raised in the present motion were addressed in the Court's prior Order. (Doc. 43.)

responses were both "insufficient and untimely." (*Id.* at ¶ 3.) Defendants did not file a response to Plaintiff's second motion to compel, and any response would have been due on or before February 22, 2006. *See* D. Kan. Rule 6.1(d)(1) (responses to non-dispositive motions are to be filed within 14 days).

## BACKGROUND

The procedural history of this case was summarized recently in the Court's Order granting Plaintiff's first Motion to Compel. (Doc. 43.) That summary will not be repeated here. Instead, the Court will discuss only those events specifically relevant to the present motion regarding Plaintiff's second and third interrogatories and requests for production.

On December 9, 2005, Plaintiff served, by hand delivery, her Second Interrogatories and Second Requests for Production on Defendants, seeking information relating to Defendants' employees.[2] (Doc. 29.) Defendants'

---

[2] The Notice of Service of Discovery Plaintiff filed with the Court (Doc. 29) indicates that the second interrogatories and second document requests were hand-delivered to defense counsel on December 9, 2005. However, Plaintiff's Second Set of Interrogatories to Defendants, which were attached to the Motion to Compel (Doc. 36) as Exhibit 1, contain a certificate of service indicating that the interrogatories were served "by depositing the same in the United States Mail, postage prepaid, this __ day of December, 2005." (Blank in original.) For purposes of this motion, the Court assumes that the Notice of Service filed with the court correctly reflects service of the discovery documents. Because Defendants' responses were at least a month late, the resolution of the issue of when these discovery requests were served is not determinative of the Court's ruling on Plaintiff's motion.

responses, which were not served until February 6, 2006 (as discussed below), were due on or before January 9, 2006.

Plaintiff filed her first Motion to Compel on January 10, 2006, contending that Defendants "failed and refused to respond in any way or any manner" to Plaintiff's *second* set of discovery requests. (Doc. 36 at 2.) That motion was granted, without response by Defendants, on February 9, 2006. In that order, the Court instructed Defendants to "fully answer the second interrogatories under oath and produce all documents responsive to the second requests for production, **without objection**," by February 17, 2006. (Doc. 43, emphasis added.)

Plaintiff served her *third* interrogatories and requests for production of documents on Defendants during the first week of January 2006. (Doc. 35.) Plaintiff's Notice of Service of Discovery (Doc. 35), which was dated January 3, 2006, but not filed until January 6, 2006, states that both the third interrogatories and third document requests were hand-delivered on January 3, 2006. The copy of the third interrogatories attached by Plaintiff as Exhibit 3 to the present Motion contains a certificate of service indicating that they were "mailed" to Defendants on "this ___ day of January, 2006." (Doc. 42, Exh. 3.) The certificate of service contained in the third document requests, however, indicates that the requests were "hand-delivered" on "this ___ day of January, 2006." (Doc. 42, Exh. 4.)

Defendants delivered their responses to Plaintiff's *second* and *third* sets of discovery requests to the office of Plaintiff's counsel at "4:30 on February 6, 2006 . . . ." (Doc. 42 at ¶¶ 3-6.)

On February 8, 2006, two days after receiving Defendants' responses to her second and third discovery requests, Plaintiff filed this second Motion to Compel, arguing that Defendants' responses to her second and third discovery requests were untimely and insufficient.[3] (Doc. 42). In many situations, two days would be insufficient for parties to confer in an attempt to resolve a discovery dispute, as required by D.Kan. Rule 37.2. Plaintiff's motion, however, contains a certificate of compliance with the good faith requirements of D.Kan. Rule 37.2 and Defendants have not contended that Plaintiff failed to comply with the rule. Further, the Court finds Plaintiff had good cause for filing the motion quickly given the pressing need to complete discovery on the jurisdictional issue.

In the Order granting Plaintiff's first Motion to Compel, the Court noted that "the discovery concerning the jurisdictional issue (number of employees) will only become important and time-sensitive if a new dispositive motion raising that issue

---

[3] Plaintiff's initial Motion to Compel (Doc. 36) and her second Motion to Compel (Doc. 42) both addressed Defendants' responses, or lack thereof, to her *second* interrogatories and document requests. In an unusual set of circumstances, Plaintiff's second motion (Doc. 42) (regarding the *second* and *third* discovery requests) was filed prior to the Court's February 9, 2006, ruling (Doc. 43) on her initial motion (Doc. 36).

4

is filed by Defendants." (Doc. 43 at fn 2.) The Court further stated that "the Court can protect Plaintiff from any potential prejudice due to Defendant's lack of complete discovery responses by granting Plaintiff additional time to complete her discovery." (*Id.*) Thereafter, Defendants did file a Second Motion to Dismiss For Lack of Jurisdiction and supporting Memorandum on February 13, 2006 (Docs. 45, 46), thus resurrecting the jurisdictional issue.[4]

## DISCUSSION

"If a respondent fails to file a response within the time required by Rule 7.1(b), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." D.Kan. Rule 7.4. Even so, the Court feels compelled to discuss the present motion on its merits.

**A.     Plaintiff's Discovery Requests**.

    **1.     Plaintiff's Second Interrogatories and Requests for Production**.

Plaintiff contends that Defendants' responses to her second set of discovery are both "insufficient and untimely." (Doc. 42 at ¶¶ 3-6.) There is no question but

---

[4] In denying Defendants' first motion to dismiss, the Court noted that the motion is substantively a motion for summary judgment rather than a motion to dismiss because it relies on factual matters outside the pleadings. *See* Doc. 40 at 2. The Second Motion to Dismiss appears also to be substantively a motion for summary judgment because Defendants have submitted and rely on exhibits and factual materials, including affidavits, which are outside the pleadings. *See* Doc's 47, 48 & 49. Thus, the filing of this new motion by Defendants triggers the necessity for the discovery requested by Plaintiff in the discovery requests which are the subject of the present motion to compel.

that the responses to these discovery requests were untimely.  This issue was adequately addressed by Plaintiff's first Motion to Compel (Doc. 36) and the Court's Order granting the same.  (Doc. 43.)  In that Order, the Court granted Plaintiff's request for sanctions and gave Defendants until February 17, 2006 to "fully answer the second interrogatories under oath and produce all documents responsive to the second requests for production, **without objection**..." (Doc. 43, emphasis added.)

The Court notes that Defendants submitted their responses to Plaintiff's second discovery requests on February 6, 2006 – *before* the Court entered its Order on February 9, 2006.  (Doc. 43.)  The Court's prior order clearly stated, however, that Defendants had until February 17, 2006, to fully answer the interrogatories and produce all responsive documents – "without objection."  Based on the information currently before the Court, there is no indication that Defendants supplemented their answers to Plaintiff's second discovery requests in an effort to comply with the Court's Order.  (Doc. 43.)

As a result, Defendants' responses to Plaintiff's Second Interrogatories improperly raise numerous objections.  By the Court's calculation, five of Defendants' nine interrogatory responses contain an objection or incorporate a prior response containing an objection.  (Doc. 42, Exh. 6.)  In addition, rather than

comply with the Court's order to produce "all" responsive documents to the office of Plaintiff's counsel, as instructed (Doc. 43), Defendants merely agreed to "schedule a time, agreeable to the plaintiff and her counsel to interv [sic] the defendants' accountants and review all documents in their possession." (Doc. 42, Exh. 7.)  Thus, Defendants' responses to Plaintiff's second discovery requests directly contravene the Court's Order (Doc. 43), and from the record before the Court it appears that Defendants have failed to do anything after receipt of the February 9 Order to correct the deficiencies in their earlier responses.

The Court also is inclined to agree that Defendants' responses to the second interrogatories are "insufficient." Typically, the Court disfavors general objections that fail to discuss specific deficiencies or improprieties in specific discovery requests or responses.  Several of Defendants' responses are, however, objectively insufficient on their face.

In response to Interrogatories Nos. 1 and 2, Defendants object then state they will "make available, at a time convenient to **Defense counsel**, their full employment records for review at Defendants' place of business." (Doc. 42, Exh. 5, emphasis added.)   This is improper because Defendants were specifically instructed to produce "all" documents (whether responsive to an interrogatory or a document request) "without objection" at the offices of Plaintiff's counsel.  (Doc.

43.) Additionally, the Court is troubled by Defendants' seeming unwillingness to consider the convenience of Plaintiff's counsel considering that their responses were at least a month overdue.

Defendants' response to Interrogatory No. 4 is insufficient because it does not even refer to Plaintiff's request for information regarding employees of the relevant business(es) listed. (Doc. 42, Exh. 5.) The response to Interrogatory No. 5 is insufficient because Defendants have completely ignored the information requested through subparts b. - f. Finally, Defendants' response to Interrogatory No. 8 is improper. Although Defendants' objection would otherwise be appropriate, Defendants waived all objections when they failed to respond to Plaintiff's second interrogatories in a timely fashion. Defendants were specifically instructed to provide responses, without objection. (Doc. 43.) To the extent Defendants have possession, custody, or control of responsive information, they must provide the same to Plaintiff.

  **2.**  **Plaintiff's Third Interrogatories and Requests for Production**.

An argument could be made that Plaintiff's third discovery requests should have been served by Plaintiff so that any answers and responses would be due and completed within the discovery cutoff period concerning the jurisdictional issue, which the Court set for January 20, 2006. (Docs. 27 and 32.) The Scheduling

Order (Doc. 27) and the later text entry (Doc. 32) both state that any further discovery shall be "completed" by the date stated (finally set as January 20, 2006). Written discovery served on either January 3 or 6, 2006, could not be "completed" by January 20, as Fed.R.Civ.P. 33 and 34 both allow thirty (30) days to answer such discovery requests. Rule 33(b)(3) and Rule 34(b) both contemplate that this period may be shortened by court order or, in the absence of a court order, by a written stipulation of the parties, subject to Rule 29. Plaintiff did not, however, request that the time for Defendants' discovery responses be shortened. Also, it appears to the Court that at least some of Plaintiff's third interrogatories arguably may be duplicative of questions in the second set of interrogatories. *Cf.* Interrogatory 1 (third set) *with* Interrogatory 2 (second set). Finally, there is the possibility that Plaintiff may have exceeded the number of interrogatories allowed by the Court's Scheduling Order (15, including "all discreet subparts"). (Doc 12 at 3.) Because Defendants failed to raise these – or any other – arguments in a response to Plaintiff's motion, the Court will address the substance of Plaintiff's arguments.

The Court is not convinced that Defendants' responses to Plaintiff's third interrogatories were "untimely." As discussed in the "Background" section, *supra*, inconsistency exists regarding when Plaintiff's third discovery requests were

9

served on Defendants. If Plaintiff's third interrogatories were actually served by mail as indicated on their certificate of service, Defendants' service of answers on the afternoon of February 6, 2006, would be timely because Fed.R.Civ.P. 6(e) adds three days to deadlines for responses when documents are mailed. If, on the other hand, the third discovery requests were hand-delivered by Plaintiff on January 3, 2006, Defendants' responses would be untimely. Because the Court finds Defendants' interrogatory responses to be insufficient, the issue of timeliness becomes moot.

Defendants' one sentence responses to Plaintiff's third interrogatories are objectively insufficient on their face. (Doc. 42, Exh. 5.) Defendants' response to Interrogatory No. 1 (third set) is virtually incomprehensible. In addition, it fails to provide the requested information regarding "all individuals who performed work of any type" for Defendants during the listed years and ignores the information sought by Plaintiff in subparts a. - c. The response to Interrogatory No. 2 is also insufficient as it does not provide the requested contact information for the accountants listed. Further, based on the copy provided by Plaintiff as a Exhibit 5 to her motion, the interrogatory responses are not signed by defense counsel nor are they verified by Defendants. *See* Fed.R.Civ.P. 11(a) (stating that a pleading or other paper not signed by an attorney shall be "stricken unless omission of the

signature is corrected promptly after being called to the attention of the attorney or party"); *see also* Fed.R.Civ.P. 33(b)(1) (stating that each interrogatory "shall be answered separately and fully in writing under oath...").

The Court is, however, satisfied with Defendants' response to Plaintiff's third document requests. Defendants were entitled to state that inspection of the relevant documents would be permitted. *See* Fed.R.Civ.P. 34(b). This response was not, however, appropriate in regard to Plaintiff's second document requests because the Court's Order on Plaintiff's initial Motion to Compel had specifically instructed Defendants to provide the responsive documents by February 17, 2006. (Doc. 43.)

Because Defendants have filed their Second Motion to Dismiss (Doc. 45), Plaintiff's discovery concerning the jurisdictional issue is both vital and time-sensitive. (*See* Doc. 43 at fn 2.) There is nothing *on the record* in this case to indicate whether Defendants have finally provided the requested documents through Defendant's accountants. However, Plaintiff has today filed her response to the motion to dismiss (Doc. 55), and has attached numerous exhibits including wage reports, tax returns and letters from Defendant's accountants. *See* Attachments to Doc. 55, and Doc's 56, 57 & 58. From a review of this material, it appears that Plaintiff presumably has finally received at least some of the

documents she requested from Defendant. Furthermore, Plaintiff did not request additional time to file her response to the motion to dismiss, and has not stated in her response that she has been unable to obtain the factual information she sought by her discovery requests. She has not sought any additional time to conduct discovery concerning the jurisdictional issue either by motion or through a Rule 56(f) affidavit.

Because the Court cannot determine, however, whether Plaintiff has received *all* of the information covered by her discovery requests, the Court will go ahead and GRANT Plaintiff's Second Motion to Compel as facially valid and uncontested.

### B. Plaintiff's Request for Sanctions.

Fed.R.Civ.P. 37 provides that a court may impose sanctions against a party who fails to answer discovery requests and/or fails to comply with a Court's order regarding discovery. An award of costs and expenses may be warranted in this instance, but, as indicated above, the Court is unable from the record in this case to ascertain what Defendants may have done to provide the information covered by the second motion to compel, or what they may have done, if anything, to comply with the Court's prior order of February 9, 2006. Accordingly, the Court will take this issue under advisement and will allow Plaintiff to supplement her prior

Response (Doc. 51) to include any proper costs and fees related to her second motion to compel.

**IT IS THEREFORE ORDERED**, that Defendants shall no later than **March 17, 2006**, answer **fully and without objection**, Interrogatories Nos. 1, 2, 4, 5, and 8 of Plaintiff's *second* interrogatories, and shall fully answer Interrogatories 1 and 2 of Plaintiff's *third* interrogatories.  Such responses shall be signed by defense counsel and verified, under oath, by Defendants as required by the Federal Rules of Civil Procedure.  If the interrogatories have been answered by Defendants' providing of documents and business records as allowed by Fed.R.Civ.P. 33(d), the answer shall fully comply with the provisions of that rule.

**IT IS FURTHER ORDERED** that Defendants shall (to the extent that they have not previously been produced by Defendants) produce **all documents** responsive to Plaintiff's *second* requests for production, **without objection**, not later than **March 17, 2006**, and all documents responsive to Plaintiff's *third* requests for production by the same date.

**IT IS FURTHER ORDERED** that Plaintiff submit within **ten (10)** days of this Order an accounting of the costs and legal fees (including supporting documentation such as attorney time sheets) she sustained in regard to drafting and filing her second Motion to Compel (Doc. 42.)  Plaintiff is instructed that the costs

and fees allowed will be <u>limited</u> to those that were reasonably necessary for, and directly related to, the filing of that motion.  Thereafter, Defendants will have **ten (10)** days to respond to Plaintiff's accounting.  Should Defendants desire a hearing on the issue of sanctions, they should so indicate in their response.  The Court will then consider the imposition of sanctions related to both motions.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 7th day of March, 2006.

s/ Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge
