# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CINDY L. DOERGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-1019-JTM |
| ) | |
| CRUM'S ENTERPRISES, INC., ) | |
| *et al*., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's two "Accounting of Costs and Legal Fees for Motion to Compel" (Docs. 51 and 61), which she filed in compliance with the Court's orders (Doc. 43 and 59) granting her two Motions to Compel (Docs. 36 and 42).[1]

## BACKGROUND

The procedural history of this case was adequately summarized in the Court's Orders granting Plaintiff's first and second Motions to Compel. (Docs. 43 and 59.) The summary will not be repeated here, but is incorporated by reference.

---

[1] Plaintiff's motions were not directed at Defendant Ruth Chartier, who was not a named Defendant at the time the discovery requests at issue were served on Defendants. As such, any reference in this order to "Defendants" shall specifically exclude Defendant Chartier.

In granting both Motions to Compel, the Court instructed Plaintiff to submit an accounting of the costs and legal fees she sustained in regard to drafting the motions. (Doc. 43 at 6, Doc. 59 at 12-13.) Plaintiff's accountings were filed on February 17, 2006, and March 17, 2006. (Docs. 51 and 61.) Although the Court's Orders included specific deadlines by which Defendants could respond to Plaintiff's filings, Defendants chose not to do so and the time has expired.[2]

## DISCUSSION

Although Plaintiff's filings were not contested by Defendants, the Court will review Plaintiff's requested costs and fees on their merits.

Fed.R.Civ.P. 37 provides that a court may impose sanctions against a party who fails to answer discovery requests and/or fails to comply with a Court's order regarding discovery. The rule states, in relevant part:

> If the motion is granted . . . the court **shall**, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party **the reasonable expenses incurred in making the motion, including attorney's fees,** unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the

---

[2] Defendants were given until March 2, 2006, to respond to Plaintiff's first accounting. (Doc. 43 at 6.) Defendants were allowed ten days to respond to Plaintiff's second filing, which expired on March 27, 2006. (Doc. 59 at 14.)

> opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A) (emphasis added).

In its previous orders, the Court found that Plaintiff made good faith – albeit unsuccessful – efforts to discuss with Defendants the issues contained in her motions to compel. The Court has also found that Defendants' failure to respond was not justified. As such, some award of expenses is appropriate. *See* ***Cardenas v. Dorel Juvenile Group, Inc.***, 232 F.R.D. 377, 387 (D.Kan. 2005). Pursuant to Rule 37, Defendants have been "afforded an opportunity to be heard," but chose not to respond in writing to Plaintiff's motions or Plaintiff's accountings of costs and legal fees. Further, Defendants did not request an opportunity for a hearing.[3] The Court, therefore, is forced to base its decision solely on the information provided by Plaintiff.

Plaintiff's accountings (Docs. 51 and 61) provide the Court with little detail and appear to contain several entries that cannot be classified as "reasonable expenses incurred in making the motion." Plaintiff's first accounting (Doc. 51) contains three entries which the Court finds directly related to the preparation of

---

[3] A formal hearing on the issue of expenses is unnecessary as the Court may decide the issue "on written submissions." *See* **Kansas Wastewater, Inc. v. Alliant Techsystems, Inc.**, 217 F.R.D. 525, 532 n. 27 (D.Kan. 2003) (internal citation omitted).

the Motions to Compel: January 3, 2006, "Correspondence with Ian Taylor" (opposing counsel) (.10 hours); and two entries from January 10, 2006, "Preparation of Motion to Compel and Good Faith Certificate" (.25 hours) and "Revision of Motion to Compel and Good Faith Certificate" (.25 hours). The remainder of the entries (which include various office conferences, telephone calls, correspondence, and fees related to depositions) were not, in the Court's opinion, "incurred in making the motion."

Plaintiff's second accounting (Doc. 61) contains seven relevant entries: February 3, 2006, "Legal research on Motion to Compel on Third Set of Interrogatories" (.10 hours) and "Phone conference with Ian Taylor" (.10 hours); February 6, 2006, "Preparation of Motion to Compel" (.25 hours); February 7, 2006, "Review of and revision to Motion to Compel" (.25 hours) and "Preparation of Motion to Compel" (.25); and February 8, 2006 "Review of Motion to Compel" (.10) and "Review of Motion to Compel" (.05). From the information provided, there is no basis for the Court to hold that the remaining entries, all regarding telephone conferences with Plaintiff, were "incurred in making the motion."

Thus, the Court finds that Plaintiff has established her right to expenses, including attorneys fees, for the first motion to compel for 0.6 hours at the rate of

$140.00/hour[4] and for the second motion to compel for 1.1 hours at the rate of $140.00/hour.  This results in a total of 1.7 hours of lawyer time at $140.00/hour, which equates to $238.00.

Having heard nothing from Defendants regarding the issues raised in Plaintiff's motions, the Court lacks any information as to whether the failure to respond to Plaintiff's discovery requests was the fault of Defendants or the fault of Defendants' counsel.  The Court is, therefore, assessing half of the costs to Defendants and half to Defendants' counsel.

**IT IS THEREFORE ORDERED**, that Defendants and Defendants' counsel shall **each** pay to Plaintiff on or before **June 2, 2006**, the amount of **$119.00** for fees incurred in connection with Plaintiff's two motions to compel.  Defendants' counsel shall file a "Notice of Payment" with the Clerk of the Court reflecting compliance with this Order on or before **June 12, 2006**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 19th day of May, 2006.

                                              s/ Donald W. Bostwick
                                              DONALD W. BOSTWICK
                                              United States Magistrate Judge

---

[4] Defendant has not opposed the hourly rate of $140.00 per hour and the Court finds that it is a reasonable rate.