IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

CINDY L. DOERGE,

    Plaintiff,

vs.                                 Case No. 05-1019-JTM

CRUM'S ENTERPRISES, INC., et al.,

    Defendants.

MEMORANDUM AND ORDER

On June 15, 2006, the court granted the defendant's Motion to Dismiss, holding that the court was without subject matter jurisdiction to hear plaintiff's Title VII claims. The plaintiff has now moved to alter or amend the judgment, citing the May 22, 2006 deposition of defendant Lucille Crum Jelinek as newly discovered evidence that Jelinek should be considered an employee of defendant Crum's Enterprises, Inc.

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court.

*Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The court will deny plaintiff's motion, since the cited deposition cannot be considered newly discovered evidence *which could not have been previously obtained through the exercise of due diligence.* To the contrary, the deponent is a party opponent, and the plaintiff seeks to present evidence produced in the deposition which were manifestly central issues as to the court's jurisdiction. As early as February 3, 2006, the parties were aware that the issue of the number of employees of the beauty college was a vital issue in the case. At that time, the court explicitly noted the existence of defendant's arguments as to whether the beauty college had the statutory number of employees, specifically including plaintiff's argument in rebuttal that defendants Jelinek and Crum "are de facto employees" of the beauty college, but denied the defendants' prior Motion to Dismiss, because of unresolved "factual questions" as to the exact number and status of the college's employees. (Dkt. No. 40, at 1, 2).

The defendants then filed a renewed motion for dismissal of the Title VII claims, including various affidavits regarding the employees of the college. (Dkt. No. 45). The plaintiff then responded to the renewed motion, attaching various affidavits of her own. (Dkt. No. 55). Plaintiff in her response made no attempt to argue that further evidence was necessary for the resolution of the motion, and made no subsequent attempt to supplement her response, either before or after later obtaining the deposition of Crum Jelinek.

The cited evidence cannot be considered newly discovered evidence within the meaning of either Rule 59(e) or 60(b)(2). Rule 59 does not authorize the revisiting of issues already considered or the arguing of matters not raised in prior briefs. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, a party cannot use the rule to pursue such a motion in order to rehash previously rejected arguments or to offer new legal theories or facts. *Achey v. Linn County Bank*, 174 F.R.D. 489, 490 (D.Kan.1997). Evidence is not "newly discovered" within the meaning of the Federal

Rules of Evidence if it was in the moving party's possession before the judgment was rendered. *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir.2003). *See* 11 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2859 (West 1995) (noting that "if [evidence] was in the possession of the party before the judgment was rendered it is not newly discovered and does not entitle the party to relief"). Thus relief will not be granted on the grounds of "newly discovered evidence" where the evidence comes from a deponent who "was available to the plaintiff prior to the Court's ruling on summary judgment and his deposition could have been procured with due diligence." *Beugler v. Union Pac. R. Co.*, No. 03-CV-0626-FHM, 2006 WL 850927, at *2 (N.D. Ok. 2006). *See Feature Realty*, 331 F.3e at 1093 (Rule 60(b)(2) relief not available where party seeking relief from judgment possessed the relevant evidence eight days prior to the district court's summary judgment ruling).

IT IS ACCORDINGLY ORDERED this 24th day of July, 2006, that the plaintiff's Motion to Alter or Amend (Dkt. No. 70) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE