IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CINDY L. DOERGE,

         Plaintiff,

vs.                                 Case No. 05-1019-JTM

CRUM'S ENTERPRISES, INC., et al.,

         Defendants.

MEMORANDUM AND ORDER

There are now two motions for summary judgment before the court. The first, filed on behalf of defendant Ruth Chartier, seeks dismissal of the state discrimination claims raised against her in the Amended Complaint. In the second, the other defendants (Crum's Enterprises, Lucille Crum Jelinek, and Charles Crum) seek dismissal of the remaining federal claims against them.

Cindy L. Doerge filed a Complaint alleging federal jurisdiction and causes of action under the employment discrimination statutes, Title VII, 42 U.S.C. §2000e, et seq., and under 42 U.S.C. §1981. Doerge also alleged a variety of state law claims filed under the supplemental jurisdiction statute, 28 U.S.C. §1367. Count 1 accused Ruth Chartier and others of violating Title VII and Section 1981; Count 6 alleged a conspiracy among Chartier and others to deprive Doerge of equal protection or equal privileges and immunities, without citing any specific statute. Chartier filed a motion to dismiss the action as against her for failure to state a claim upon which relief could be granted.

On October 11, 2005, the court considered Chartier's motion as if filed as a motion for summary judgment and granted it. The court found that Chartier was not liable for allegations lodged against Doerge's employers under Title VII and granted summary judgment on them in favor of Chartier. The court also found no claims actionable under Section 1981 and granted summary

judgment on them in favor of Chartier. There being no remaining federal jurisdiction for claims against Chartier, the court then declined to retain supplemental jurisdiction over Doerge's state law claims against Chartier and dismissed them without prejudice.

On December 28, 2005, Doerge moved for leave to file an Amended Complaint, to add a claim under the Kansas Act Against Discrimination ("KAAD"). The motion was granted. The Amended Complaint continues to name Chartier in her individual capacity as a defendant. There are no substantive changes to Counts 1 or 6, other than the KAAD claims.

On June 15, 2006, the court granted the remaining defendants' motion for summary judgment as to the Title VII claims. However, the court explicitly retained jurisdiction over "the remaining federal claims as well as the pendent claims under state law." (Dkt. No. 69, at 6)

In her summary judgment motion, Ruth Chartier argues that the Amended Complaint advances no new federal claims against her since there was no request for a reconsideration of the court's October 25 order. She also contends that Doerge failed to exhaust her administrative remedies as to the KAAD claims since Chartier was not named in Doerge's KAAD complaint. Futher, she contends the court's finding in its earlier order that Chartier was not Doerge's employer is equally fatal on the merits to Doerge's KAAD complaint, citing *Rebarchek v. Farmers Co-op Elevator & Mercantile Ass'n*, 272 Kan. 546 (2001)

Chartier argues the court should dismiss the Amended Complaint's Count 6 allegations against her because the complaint does not specifically cite any federal statute authorizing relief, and because 42 U.S.C. § 1985 should not be applicable where there are no underlying civil rights violations cognizable under 42 U.S.C. § 1981, and this court has already granted summary judgment in favor of Chartier on Doerge's Section 1981 claims.

Chartier argues the remaining state claims against her should be dismissed for the same reasons the court originally ordered them dismissed prior to the court's order of November 2005 (Dkt. No. 26).

The remaining defendants, in support of their own motion for summary judgment, argue first that Doerge is not a member of any protected class and has not presented a prima facie case of discrimination. In addition, they contend that Doerge never advanced any claim of racial discrimination in her administrative complaint and hence has failed to exhaust her administrative remedies.

Doerge, responds that she was terminated in retaliation for opposing racial discrimination. She argues that no exhaustion of remedies is required for federal civil rights actions under § 1981.

The court will grant the motion for summary judgment of Ruth Chartier, and deny the motion of the remaining defendants. The argument of the remaining defendants with respect to the failure of Doerge to advance her race discrimination claims administratively does not support summary judgment, since "42 U.S.C. § 1981 does not require exhaustion." *Carter v. Meridian Automotive Systems, Inc.*, 368 F.Supp.2d 1130, 1138 (D. Kan. 2004). Nor do these defendants demonstrate any defect in Doerge's claims of racial retaliation.

The court will grant Ruth Chartier's motion for summary judgment, since the court has previously dismissed both the federal claims and the pendent state claims against this defendant, pursuant to the court's order of October 11, 2005. That ruling remains the law of the case.

It must be remembered that Doerge's motion to amend her complaint was granted by the United States Magistrate Judge on February 10, 2006, largely because it was unopposed *by those parties who then remained before the court.* (See Dkt. No. 44, at 3: "As stated previously, Defendants have not filed a response to Plaintiff's motion and the time to do so has expired. Plaintiff's motion is both unopposed and facially valid.")

At the time leave to amend was granted, Ruth Chartier had been dismissed from the case for nearly four months and was no longer a party to the action. The court had explicitly ruled against Doerge's federal claims on the merits, including those under § 1981, dismissing those claims with prejudice. Doerge filed no timely interlocutory appeal. She filed no timely motion for reconsideration. To the extent that the Amended Complaint asserts any federal complaints against

3

Ruth Chartier, the court holds that these complaints are contrary to the law of the case and are hereby dismissed with prejudice.

By the same token, the court has previously explicitly dismissed without prejudice Doerge's state law claims against Chartier, and Doerge did not seek reconsideration of this order before this court or attempt to appeal the decision to the court of appeals.  The court's order may not be circumvented by means of obtaining leave for an amended complaint based upon the acquiescence of third parties.  In view of the now approaching trial date, the court finds that maintenance of the pendent state claims against Chartier would be unfairly prejudicial, and these claims will again be dismissed without prejudice.

IT IS ACCORDINGLY ORDERED this 20th day of September, 2006, that the Motion for Summary Judgment of defendant Chartier (Dkt. No. 75) is granted as provided herein; the Motion for Summary Judgment of the remaining defendants (Dkt. No. 77) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE