IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CINDY L. DOERGE,

        Plaintiff,

vs.                                      Case No. 05-1019-JTM

CRUM'S ENTERPRISES, INC., et al.,

        Defendants.

MEMORANDUM AND ORDER

      This matter is before the court on the defendant Ruth Chartier's Motions for Attorney Fees (Dkt. No. 86) and for Sanctions (Dkt. No. 87). On October 11, 2005, the court granted summary judgment in favor of defendant Chartier as to plaintiff Cindy Doerge's Title VII and Section 1981 claims. The court also declined to exercise supplemental jurisdiction over Doerge's state law claims against Chartier. (Dkt. No. 26). The court retained jurisdiction over the remaining defendants. Doerge subsequently obtained leave to amend her complaint to add a claim under the Kansas Act Against Discrimination, and filed a new Amended Complaint which both added a KAAD claim and asserted renewed claims against Chartier. On September 20, 2006, the court granted Chartier's renewed Motion for Summary Judgment, holding essentially that these claims were barred by the law of the case. (Dkt. No. 85).

      Chartier seeks attorney fees as a prevailing party under Title VII which permits such an award against a plaintiff where the plaintiff has filed a claim which was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). Chartier argues that fees are appropriate since Doerge continued to litigate her federal claims after the court dismissed them on the merits by

restating them in her last Amended Complaint. Chartier seeks a total of $27,344.29 in attorney fees against Doerge.

Chartier also seeks an award of sanctions under Rule 11, contending that Doerge should have known that the resurrected claims in the Amended Complaint were without merit.

In its discretion, the court will deny the motion for sanctions. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) (decision to award sanctions is committed to discretion of the trial court). Sanctions will not be awarded since the essence of the court's earlier summary judgment rulings has never been that Doerge's claims were frivolous within the meaning of Rule 11, but simply in the first instance that they were without merit, and in the second that they were barred by the law of the case. In any event, the court finds that the defendant Chartier may be protected by an appropriate award of attorney fees.

In opposition to the request for attorney fees, Doerge argues that there is no basis for holding counsel personally liable, that the state of supervisor liability under the civil rights law is not settled, and that the fee sought is overstated. The first two arguments miss the point. As to the first, the Motion for Attorney Fees (as opposed to the Motion for Sanctions) does not appear to assert any personal claim against counsel, but seeks recovery against Doerge. The second argument would be relevant only if Chartier were seeking fees based upon the first, 2005 summary judgment award. Instead, as noted here and in the court's order of September 20, 2006, the defendant is entitled to relief because the attempted resuscitation of the dismissed claims is contrary to the law of the case. Doerge has yet to offer any justification for the attempt to renew previously dismissed claims.

However, the court agrees that the actual fee sought is inflated. The time records attached as an exhibit to Chartier's motion show that the bulk of the 173 hours of attorney time for which an award is sought were expended before the Amended Complaint was filed on February 17, 2006, and indeed even before the court's granting of the first award of summary judgment in favor of the defendant on October 11, 2005. Recovery is apparently sought for this time even though Chartier's motion for attorney fees "is a moot point whether Chartier was entitled to a Section 1988 award at

that time [the 2005 dismissal], because no motion was filed under Rule 54(d)(2)."  (Dkt. No. 86, at 3-4).

Further, even after  the first summary judgment award, counsel expended some time which the court believes would not be compensable under any award here, since that time was not a reasonably necessary consequence of Doerge's attempt to resurrect her claims against Chartier. Thus, for example,  the time records include charges for counsel's involvement with and preparation for the September Pretrial Order as well as preparing for and attending Doerge's June deposition.

Chartier's second motion for summary judgment was not filed until July 24, 2006, almost six months after the Amended Complaint.  Chartier's second summary judgment motion does not depend upon any matters discussed in Doerge's deposition, or indeed any additional factual matters. Instead, the motion relies exclusively upon the preclusive effect of the court's earlier ruling of October, 2005.

The defendant's July motion, and the court's subsequent order granting the motion, were based solely upon the effect of the October, 2005 order.  The defendant has presented no reason why this motion could not have been filed within a few days of the Amended Complaint, eliminating the need for much of the additional time expended by counsel.  The court finds that the defendant is entitled to the fees and expenses which she was forced to incur to obtain the re-dismissal of the claims against her, and no more.

From mid to late July, the time records indicate 13.8 hours were expended as to the motion for summary judgment, that 1.3 hours were spent reviewing Doerge's response to the summary judgment motion, and 2.3 hours spent in preparing a reply, for a total of 17.4 hours.  Recovery is also sought for 0.6 hours for finalizing the motion for attorney fees.

The expense records  conflate all the costs of counsel's representation of Chartier, and do not permit any itemization of expenses by specific purpose.  To the extent there are indications — the date of the cost of copies ("8/03/05") or the notation attached to a given payee ("Deposition

costs") — establishes that the expenses are not recoverable pursuant to the limited, remedial award granted here.

The court finds that an award of attorney fees of $2,700, reflecting 18 hours of work at $150 per hour is reasonable and appropriate.

IT IS ACCORDINGLY ORDERED this 16th day of November, 2006, that the defendant's Motion for Sanctions (Dkt. No. 87) is denied; defendant's Motion for Attorney Fees (Dkt. No. 86) is granted such that defendant Chartier is granted an award of attorney fees against plaintiff in the amount of $2,700.00.

                                                          s/ J. Thomas Marten  
                                                          J. THOMAS MARTEN, JUDGE