IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CINDY L. DOERGE,

        Plaintiff,

vs.

Case No. 05-1019-JTM

CRUM'S ENTERPRISES, INC., et al.,

        Defendants.

MEMORANDUM AND ORDER

      This matter is before the court on the defendants' Motion for Leave to File Amended Answer and Pretrial Order and to Amend Scheduling Order. Specifically, the defendants seek leave to amend their answer to include the competence of defendant Charles Crum, inadequate pleading of plaintiff's defamation claim, the one-year statute of limitations of K.S.A. 60-514, qualified privilege, res judicata, and failure to mitigate. The pretrial order would be amended to include defendants' arguments that Crum and Jelinek are not proper defendants to the contract claim, the state retaliatory discharge claim, or the claim under the Kansas Act Against Discrimination (KAAD), that Kansas law does not authorize whistle-blower claims for acts within the scope of KAAD, that Doerge was an at-will employee, the lack of special damages precludes a claim for defamation, the inadequacy of the conspiracy claim, and the failure to prove a valid claim of outrage. Finally, defendants ask to open discovery to take specified additional discovery.

      The court notes that plaintiff Doerge opposes defendants' motion, but does so by a pleading which stresses only the timing of the motion. The court has discretion to grant amendments for good cause. *McCormick v. Medicalodges, Inc.*, No. 05-2429, 2006 WL 3772313 (D. Kan. Dec. 20, 2006), The court finds that good cause has been shown and will grant defendants' requests.

First, the plaintiff fails to show that any of the proposed amendments are in themselves contrary to law or the established facts of the case. Second, the court finds that the failure of the defendants to previously advance these arguments was the product of the incapacity suffered by prior counsel for the defendants, and not the product of any action by the defendants themselves. Finally, the court finds no substantial prejudice to the plaintiff, other than having to respond to these new defenses on the merits. While the changes requested by the defendants will require some responsive pleadings and additional discovery, the plaintiff will be in no materially worse condition than if she had had to contend with a zealous, effective, and unimpaired opposing counsel from the beginning of the litigation.

IT IS ACCORDINGLY ORDERED this 26th day of February, 2007, that the defendants' Motion for Leave to File Amended Answer and Pretrial Order and to Amend Scheduling Order (Dkt. No. 116) is hereby granted.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE