IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

CINDY L. DOERGE,

          Plaintiff,

       vs.                           Case No. 05-1019-JTM

CRUM'S ENTERPRISES, INC., et al.,

          Defendants.

MEMORANDUM AND ORDER

Currently before the court is the plaintiff's Motion to Reconsider (Dkt. No. 14) which seeks reconsideration of the court's order which granted leave for the defendants to file an Amended Answer, amend the Pretrial Order, and to amend the Scheduling Order. The plaintiff argues that the court should not have permitted defendants to amend their answer, given the finding that defendants' former counsel had been adequate prior to November, 2006. She also argues that she suffered prejudice through incurring additional attorney fees after the withdrawal of the former counsel.

A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

Plaintiff has failed to show any justification for the relief sought.  First, much of the additional discovery permitted by the prior order has already been completed.  Granting reconsideration would not alter the results of this additional discovery.  Moreover, plaintiff's arguments substantially replicate arguments previously made to, and rejected by the court.  Nor does the court finds substantial prejudice to the plaintiff, other than having to respond to legitimate arguments of the defense.

IT IS ACCORDINGLY ORDERED this 23rd day of April, 2007, that the plaintiff's Motion for Reconsideration (Dkt. No. 140) is hereby denied.


s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE