IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CINDY L. DOERGE,

          Plaintiff,

vs.                               Case No. 05-1019-JTM

CRUM'S ENTERPRISES, INC., et al.,

          Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the plaintiff's motion for certification under 28 U.S.C. § 753(f), for purposes of obtaining transcripts, that her appeal is not frivolous. The plaintiff has moved separately for leave to pursue her appeal in forma pauperis. (Dkt. No. 193). The defendants oppose the motion, arguing that the plaintiff's claims were clearly barred for a variety of reasons, including failure to exhaust administrative remedies, time bars, and reliance for her claims on plainly inapplicable statutes.

The statute provides in part:

> Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

28 U.S.C. § 753(f).

"The standard for determining if an appeal presents a substantial question is whether, when judged on an objective basis, the appeal (1) raises a question that is 'reasonably debatable' and (2) whether the transcript is necessary to the presentation of the appeal." *O'Neal v. County of Nassau*, 992 F.Supp. 524, 536 (E.D.N.Y. 1997). The burden of proving the existence of a substantial question falls on the party seeking the free transcripts. *Maloney v. E.I. DuPont de Nemours & Co*, 396 F.2d 939, 940 (D.C. Cir. 1967); *Starnes v. DeMuro*, No. 98-CV-2899, 2000 WL 1137302 (E.D.

Pa. 2000). Certification under 28 U.S.C. §753(f) is inappropriate where the movant fails to specify the specific grounds for her appeal, *Thenjitto v. City of New York*, No. 96-CV-4668, 1999 WL 366740 (E.D.N.Y. 1999).

In the present case, plaintiff does nothing beyond presenting a single-sentence request for certification:

> COMES NOW, plaintiff, Cindy L. Doerge, and by and through her attorney, Sheila P. Hochhauser, respectfully requests this court, pursuant to 28 U.S.C. § 753(f) to certify that her appeal is not frivolous and that the partial transcript is necessary to fairly decide the appeal.

(Dkt. No. 197, at 1).

Plaintiff has wholly failed to demonstrate the existence of any substantial question which would justify an award under § 753(f). The issues which were resolved by the court's prior order clearly justified the award of summary judgment. (Dkt. No. 189). Accordingly, the court can "foresee no legally meritorious issue ... that plaintiff will be able to raise on appeal," *Bedford v. Neighborhood Connections*, No. 04-C-0978C, 2005 WL 1378917 (W.D. Wis. 2005), and so is required to deny the relief sought.

IT IS ACCORDINGLY ORDERED this 31st day of July, 2007, that the plaintiff's motion to certify (Dkt. No. 197) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
